JAGDEEP HANSRA (SBN 280689)
ENEDINA S. CARDENAS (SBN 276856)
**HANSRA CARDENAS LLP**
19925 Stevens Creek Blvd. Suite 100
Cupertino, CA 95014
Tel:  (408) 475-7454
Fax:  (415) 295-5313
Email:  jh@ej-law.com
          ec@ej-law.com
Attorneys for Defendant Worldwide Mail Solutions Inc., dba U.S. Global Mail
(erroneously sued as U.S. GLOBAL MAIL, INC.)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.;<br><br>Plaintiff,<br>v.<br>ITP SERVICES; WTP; ITR REGISTER; GLOTRADE S.R.O.; WTMR LLC; PATENT & TRADEMARK RENEWAL SERVICE, PATENT & TRADEMARK OFFICE LLC, PATENT & TRADEMARK BUREAU, U.S. TRADEMARK COMPLIANCE OFFICE, USTM CORPORATION; USA BOX, INC.; SINGLO-21, INC.; U.S. GLOBAL MAIL, INC., SERVCORP WASHINGTON LLC; PREMIER OFFICE CENTERS, LLC; REGUS MANAGEMENT GROUP LLC; LAWYERS' CHOICE SUITES, INC.; AND STAT OFFICE SOLUTIONS, and DOES 1 through 1000;<br><br>Defendants. | Case No.: 5:19-cv-1538-NC<br><br>**DEFENDANT WORLDWIDE MAIL SOLUTIONS INC.'S, DBA U.S. GLOBAL MAIL (erroneously sued as U.S. GLOBAL MAIL, INC.) EX PARTE APPLICATION FOR A PROTECTIVE ORDER TO STAY DISCOVERY BETWEEN PLAINTIFF AND DEFENDANT WORLDWIDE MAIL SOLUTIONS INC.**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  TBD<br>Courtroom: |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Local Rule 7-10, Defendant Worldwide Mail Solutions Inc. dba U.S. Global Mail (erroneously sued as U.S. Global Mail, Inc.)

("Defendant"), hereby applies, ex parte and pursuant to Federal Rules of Civil Procedure 26(b) and (c), for a protective order to stay discovery between Defendant and Plaintiff Legalforce RAPC Worldwide, P.C. ("Plaintiff") until the Court has ruled on Defendant's Motion to Dismiss the Complaint for lack of personal jurisdiction ("Motion").

The Defendant's request for ex parte relief is appropriate and necessary. On May 8, 2019, Defendant filed its Motion to Dismiss the Complaint for lack of personal jurisdiction. On September 24, 2019, Plaintiff served written discovery on Defendant. Responses are due October 24, 2019. A settlement conference is scheduled for December 3, 2019, with the parties' settlement conference statement due November 26, 2019.

Furthermore, Defendant's Motion is currently pending determination by this Court. The Motion was set for hearing on October 10, 2019, and the Court took the hearing off calendar stating it would rule on the papers. Defendant seeks ex parte relief, therefore, in order to avoid the substantial burden and expense related to responding to the discovery, participating in a settlement conference, and not wanting to waive the personal jurisdiction defense.

Dated: October 21, 2019               HANSRA CARDENAS LLP

                                      By:   /s/ *Enedina S. Cardenas*

                                            Jagdeep Hansra
                                            Enedina S. Cardenas
                                            Attorneys for Defendant Worldwide Mail
                                            Solutions Inc., dba U.S. Global Mail
                                            (erroneously sued as U.S. GLOBAL
                                            MAIL, INC.)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26(b) and (c), Defendant respectfully requests that the Court grant the Defendant a protective order and stay discovery between Plaintiff and Defendant until after the Court has ruled on Defendant's motion to dismiss the complaint for lack of personal jurisdiction. Specifically, the Defendant requests a protective order staying discovery until a ruling on the motion is issued. The requested stay would apply only as between Plaintiff and Defendant.

## II. FACTS

On May 8, 2019, Defendant filed a motion to dismiss the complaint for lack of personal jurisdiction. Defendant's Motion is currently pending determination by this Court. The Motion was set for hearing on October 10, 2019. On October 7, 2019, the Court took the hearing off calendar stating it would rule on the papers.

On August 29, 2019, the Court issued an order setting a settlement conference with Judge Laurel Beeler for December 3, 2019. A settlement conference statement is due November 26, 2019.

On September 24, 2019, Plaintiff served written discovery on Defendant. Responses are due October 24, 2019.

## III. ARGUMENT

Motions for protective orders to stay discovery may be granted upon a showing of "good cause" to "protect a party . . . from . . . undue burden or expense." Fed. R. Civ. P. 26(c). District courts have broad discretion to stay discovery in a case while a dispositive motion is pending and a court's decision to allow or deny discovery is reviewable only for abuse of discretion. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977)); *Munoz-Santana v. INS*, 742 F.2d 561, 562 (9th Cir. 1984).

In particular, courts frequently will stay discovery that is not needed to decide a pending motion. See *Orchid Biosciences*, 198 F.R.D. at 672 (where motion to dismiss for

lack of personal jurisdiction was pending, court found "any discovery which seeks to reach the merits of this case would be unnecessary, costly and burdensome"). Courts emphasize certain considerations in determining whether to grant a stay of discovery, such as (1) whether the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed;" and (2) "whether the pending dispositive motion can be decided absent additional discovery." See *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (citing *Church of Scientology of San Francisco v. IRS*, 991 F.2d 560, 563 (9th Cir. 1993)); *Qwest Communs. Corp. v. Herakles*, LLC, 2007 U.S. Dist. LEXIS 57757 (E.D. Cal. Aug. 7, 2007). In addition, some courts consider the "merits of the pending dispositive motion in order to assess the validity of the stay of discovery motion." *Qwest*, 2007 U.S. Dist. LEXIS 57757 at *6; see also, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. Cal. 2002) ("a district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief") (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citations omitted)). Analysis of each of these considerations as they relate to this case weighs heavily in favor of a protective order given the likelihood of Defendant prevailing on the pending Motion, and given the pending discovery reaches to the merits of the case, it will be unnecessary, costly and burdensome on an out of state Defendant.

## IV. Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court grant its ex parte application staying discovery against Defendant until the Court can rule on Defendant's motion to dismiss for lack of personal jurisdiction.

Dated: October 21, 2019                                    HANSRA CARDENAS LLP

                                               By:     /s/ *Enedina S. Cardenas*
                                                       Jagdeep Hansra
                                                       Enedina S. Cardenas
                                                       Attorneys for Defendant Worldwide Mail
                                                       Solutions Inc., dba U.S. Global Mail
                                                       (erroneously sued as U.S. GLOBAL
                                                       MAIL, INC.)

**DEFENDANT WORLDWIDE MAIL SOLUTIONS INC.'S EX PARTE APPLICATION**

## DECLARATION OF ENEDINA S. CARDENAS

I, Enedina S. Cardenas, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and an attorney with Hansra Cardenas LLP, attorneys of record for Defendant Worldwide Mail Solutions Inc., dba U.S. Global Mail (erroneously sued as U.S. GLOBAL MAIL, INC.) ("Defendant").

2. The declaration is being filed in support of Defendant's ex parte application for a protective order to stay discovery between Plaintiff and Defendant pending a ruling on Defendant's motion to dismiss for lack of personal jurisdiction.

3. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto. To the extent that I do not have personal knowledge, I have gained such knowledge in the course and scope of my employment at Hansra Cardenas LLP by reviewing the records and documents, and speaking to employees or agents of Hansra Cardenas LLP with knowledge.

4. On May 8, 2019, Defendant filed a motion to dismiss the complaint for lack of personal jurisdiction. Defendant's Motion is currently pending determination by this Court. The Motion was set for hearing on October 10, 2019. On October 7, 2019, the Court took the hearing off calendar stating it would rule on the papers.

5. On August 29, 2019, the Court issued an order setting a settlement conference with Judge Laurel Beeler for December 3, 2019. A settlement conference statement is due November 26, 2019.

6. On September 24, 2019, Plaintiff served written discovery on Defendant. Responses are due October 24, 2019.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on October 21, 2019, at Cupertino, California.

                                              /s/ *Enedina S. Cardenas*
                                              Enedina S. Cardenas

HANSRA CARDENAS LLP
19925 Stevens Creek Blvd. Ste. 100
CUPERTINO, CA 95014

**DEFENDANT WORLDWIDE MAIL SOLUTIONS INC.'S EX PARTE APPLICATION**