UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C., <br><br> Plaintiff, <br><br> v. <br><br> GLOTRADE, et al., <br><br> Defendants. | Case No. 19-CV-01538-LHK <br><br> **ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 18 |

LegalForce RAPC Worldwide, P.C. ("Plaintiff") sued eighteen defendants, including Worldwide Mail Solutions, Inc. ("Defendant"), for alleged violations of the Lanham Act, California's False Advertising Law, and California's Unfair Competition Law, as well as a claim for intentional interference with prospective economic advantage. ECF No. 1. Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction.[1] ECF No. 18. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS

---

[1] Defendant's motion to dismiss contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion. *See* Mot. at 1-2. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with a combined limit of 25 pages. *See* Civ. Loc. R. 7-2(b).

1
Case No. 19-CV-01538-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

Defendant's motion to dismiss with leave to amend.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California professional corporation that "offers services including trademark preparation and prosecution, patent preparation and prosecution, copyright registration and counseling, international trademark and patent filings, and corporate formation and stock and equity structuring." ECF No. 1 at ¶¶ 18,41 ("Compl."). Plaintiff alleges that companies, termed "Mailer Defendants," "use publicly available trademark filer information to send targeted 'solicitations' to . . . trademark applicants." *Id.* ¶¶ 2, 43. The "'solicitations' are constructed to [deceptively] make the trademark applicant believe that an official U.S. government agency or the [United States Patent & Trademark Office (USPTO)] itself is sending a letter to them, raising fear among the unsuspecting public that they must pay large amounts of money or forfeit trademark rights." *Id.* ¶ 2. These "Mailer Defendants" provide no real services and "result in no value to trademark owners." *Id.*

As a result of the Mailer Defendants' actions, Plaintiff asserts that "significant business" was deceptively diverted to Mailer Defendants. *Id.* ¶ 198. Plaintiff also alleges that Plaintiff "received inquiries from its clients confused about the unsolicited actions by the Mailer Defendants and worried that [Plaintiff's] services to the clients were somehow deficient." *Id.* ¶ 199. Plaintiff claims that it spent "valuable time and expenses to investigate the facts to appropriately advise its clients." *Id*. ¶ 200.

Plaintiff alleges that Mailer Defendants "appear to originate . . . [in] countries outside the United States (most frequently from eastern Europe)." *Id.* ¶ 3. As relevant to the instant motion to dismiss, Plaintiff asserts that "GLOTRADE" is one such "Mailer Defendant," operates out of the Czech Republic, and sends advertisements or mailers that falsely state that GLOTRADE protects a trademark from copyright infringement when GLOTRADE in fact provides no such services. *Id.* ¶¶ 78, 83-91. According to Plaintiff, GLOTRADE—because it operates out of the Czech

2

Case No. 19-CV-01538-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

Republic—must obtain a domestic U.S. mailing address in order to appear as a legitimate organization and to receive payments from its allegedly false advertisements. *Id.* ¶ 78-79. GLOTRADE relies on Defendant, who is in the business of "provid[ing] a U.S. street address to customers and allow[ing] them to receive mail at a U.S. address that can then be forwarded internationally." *Id.* ¶ 80. Plaintiff alleges that Defendant, by allowing GLOTRADE to obtain a U.S. mailing address, helps GLOTRADE "mask[] its true identity from people sending the checks." *Id.* ¶ 81. On this basis, Plaintiff claims that Defendant is liable as a "logistics enabler" of GLOTRADE. *Id.* ¶ 1.

Furthermore, Plaintiff alleges that Defendant advertises its mail services to business owners in California. ECF No. 24-2, Exs. 4-5. According to Plaintiff, Defendant has multiple California customers who use Defendant's mailing services. *Id.* Defendant, however, is not a California corporation and has no employees in California. ECF No. 18-2 ¶ 11. Defendant is a corporation duly formed under the laws of the State of Texas with a principal place of business in Houston, Texas. *Id.* ¶¶ 4-5. Defendant has never owned, leased, possessed, or maintained any real or personal property in California, nor has Defendant maintained any bank, savings, or loan accounts in California. *Id.* ¶¶ 9-10. Finally, Defendant acknowledges that it provided GLOTRADE with a mailing address in Houston, Texas, but notes that Defendant never sent any mail to Plaintiff. *Id.* ¶¶ 13, 17.

**B. Procedural History**

On March 25, 2019, Plaintiff sued eighteen defendants and alleged the following causes of action: (1) violations of the Lanham Act, 15 U.S.C. § 1125(a); (2) violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500; (3) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; and (4) intentional interference with prospective economic advantage. Compl. ¶¶ 203-61. The eighteen defendants fell into two categories: "Mailer Defendants," which are entities that directly engaged in the allegedly false advertising; and "Logistics Enablers," which are companies that provided mailing addresses that

3

Case No. 19-CV-01538-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

facilitated the allegedly fraudulent conduct. *Id.* ¶ 1; *see generally id.* ¶¶ 203-61.

To date, Plaintiff has voluntarily dismissed six of the seven "Logistics Enablers" and three of the eleven "Mailer Defendants." ECF Nos. 16, 25, 28, 33, 42, 48, and 72. Six of the "Mailer Defendants" were served but did not appear, and the Clerk entered default against them. *See* ECF Nos. 47, 64, and 66. Of the two other Mailer Defendants, one filed a motion to dismiss, and another filed an answer. ECF Nos. 51 and 78.

As pertaining to the instant Order, on May 8, 2019, Defendant, who is the sole remaining "Logistics Enabler" Defendant, filed a motion to dismiss for lack of personal jurisdiction. ECF No. 18 ("Mot."). Plaintiff filed an opposition on May 22, 2019, ECF No. 24 ("Opp."), and Defendant filed a reply on May 28, 2019, ECF No. 26 ("Reply"). The motion to dismiss is now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(2)

In a motion challenging personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the motion to dismiss constitutes a defendant's initial response to the complaint, the plaintiff need only make a prima facie showing that personal jurisdiction exists. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). While a plaintiff cannot "simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true [and] [c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800 (quotation marks and citations omitted).

### B. Motion to Dismiss under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

4

Case No. 19-CV-01538-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing

1  amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

#### A. Personal Jurisdiction

Defendant contends that Plaintiff fails to allege personal jurisdiction over Defendant. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d at 800. "Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. In such cases, we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id.* (quotation marks omitted).

To determine the propriety of asserting personal jurisdiction over a defendant, the Court examines whether such jurisdiction is permitted by the applicable state's long-arm statute and comports with the demands of federal due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (determining scope of California's long-arm statute and examining federal due process requirements). California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, and therefore the jurisdictional analyses under state law and federal due process merge into one. *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same."). For a court to exercise personal jurisdiction over a defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend

6

Case No. 19-CV-01538-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted). In addition, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Courts "recognize[] two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). General jurisdiction exists where a defendant is physically present or where a defendant's activities in the state are so "continuous and systematic" such that the contacts approximate physical presence in the forum state. *See Schwarzenegger*, 374 F.3d at 801 (citation omitted). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State," "[b]ut only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Id.* at 1780. Plaintiff does not allege that general jurisdiction is proper here.

Rather, Plaintiff contends that the Court has specific jurisdiction over Defendant. Opp. at 6. Specific jurisdiction is proper when a suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Whether a court has specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation," and "the defendant's suit-related conduct must create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781; *see Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over claims *unrelated to those sales*." (emphasis added)).

7

Case No. 19-CV-01538-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

### 1. Specific Jurisdiction

For specific jurisdiction, the Ninth Circuit has adopted a three-prong test that requires the plaintiff to show that: (1) the defendant purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802. It is the plaintiff's burden to plead allegations satisfying the first two prongs. *Id.* If the plaintiff does so, the burden shifts to the defendant to show why the exercise of personal jurisdiction would not be reasonable and fair. *Id.*

The parties contest all three prongs of the specific jurisdiction test. Mot. at 5-8; Opp. at 5-13. The Court holds that specific jurisdiction—and therefore personal jurisdiction—is absent here because Plaintiff fails to allege that the claims arise out of or relate to Defendant's forum-related activities. Because the Court resolves this case on the second prong of specific jurisdiction inquiry, the Court declines to address the arguments pertaining to the first and third prongs.

#### a. Arise Out of Defendant's Forum-Related Activities

Plaintiff bears the burden of demonstrating that jurisdiction is appropriate, and specifically, that Plaintiff's claims arise out of or relate to Defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 800, 802. The Ninth Circuit applies a "but for" test to analyze the "arises out of" requirement. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). Under this inquiry, a "plaintiff must show that 'but for' the defendant's forum-related conduct, the injury would not have occurred." *San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 325 F. Supp. 3d 1088, 1101 (S.D. Cal. 2018) (quotation marks omitted).

Plaintiff asserts that it satisfies the "arises out of" requirement because Defendant provides GLOTRADE with a Houston, Texas address "to aid and abet the deception on consumers while actively masking the true foreign origin of GLOTRADE." Opp. at 12. Additionally, Plaintiff contends that Defendant "forwards all mail and ill-gotten checks it receives on behalf of" GLOTRADE. *Id.* Therefore, according to Plaintiff, "but for [Defendant] masking GLOTRADE's true mail address by providing GLOTRADE with a domestic address, there would be significantly

8
Case No. 19-CV-01538-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

fewer people, if any, who would be deceived, . . . including consumers in California."[2] *Id.* (citing Compl. ¶ 169).

Plaintiff's reasoning is flawed because Plaintiff misidentifies the proper subject of the "but for" inquiry. Under Plaintiff's argument, personal jurisdiction is proper due to GLOTRADE's forum-related activities—namely, the "GLOTRADE s.r.o solicitations" to Plaintiff and other California consumers. But the proper inquiry is whether *Defendant's* forum-related activities are a but-for cause of Plaintiff's claims and injuries.

In regards to Defendant's forum-related activities, "we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (citing *Walden*, 571 U.S. at 289-90); *see id.* at 1068 ("[T]he relationship between the nonresident defendant, the forum, and the litigation must arise out of contacts that the defendant *himself* creates with the forum State." (quotation marks omitted)). Plaintiff can only point to advertisements on Defendant's website that promote Defendant's mail services to California consumers. Opp. at 10. The problem, however, is that as alleged in the complaint, Defendant's advertising of its mail services to California consumers is not a but-for cause of Plaintiff's claims and injuries. Rather, the complaint only alleges that Defendant's non-forum-related activities in Texas—namely the provision of a mailing address and forwarding services to a foreign entity—are connected to Plaintiff's claims and injuries. In effect, Plaintiff's argument appears to be that specific jurisdiction is proper because Defendant advertises its services to California residents. However, Plaintiff's claims do not arise out of these forum contacts. But-for Defendant's provision of a *Texas* mailing address to GLOTRADE, Plaintiff would not have been harmed by GLOTRADE's alleged misconduct.

---

[2] Plaintiff proffers an exhibit that provides copies of GLOTRADE mailers sent to Plaintiff in California that include a Houston, Texas address allegedly provided by Defendant. ECF No. 24-2, Ex. 1. But Plaintiff acknowledges that these mailers were "GLOTRADE s.r.o. solicitations" and were not sent by Defendant. ECF No. 24-1 ¶ 3. Defendant filed a declaration stating that Defendant "did not send any mail to" Plaintiff. ECF No. 18-2 at 3.

9
Case No. 19-CV-01538-LHK
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND

Plaintiff's argument is woefully insufficient for specific jurisdiction. The United States Supreme Court has repeatedly reiterated that it is "the defendant's suit-related conduct [that] must create a substantial connection with the forum." *Walden*, 571 U.S. at 285. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781; *see also Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over claims *unrelated to those sales*." (emphasis added)). Indeed, *Bristol-Myers* is particularly instructive to this case.

In *Bristol-Myers*, the California Supreme Court held that specific jurisdiction was proper because "the strength of the requisite connection between the forum and the specific claims at issue [could be] relaxed [because] the defendant ha[d] extensive forum contacts that [were] unrelated to those claims." 137 S. Ct. at 1781. The United States Supreme Court reversed, concluding that "[f]or specific jurisdiction, a defendant's general connections with the forum are not enough," and that rather, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Id.* (quotation marks and internal alterations omitted). A contrary holding, the United States Supreme Court held, would conflate specific and general jurisdiction and elide important distinctions between the two. *See id.* ("Under the California [Supreme Court's] approach, the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims. Our cases provide no support for this approach, which resembles a loose and spurious form of general jurisdiction.").

None of Defendant's forum-related activities—principally, Defendant's alleged internet advertising of its services to California residents—can plausibly be characterized as a but-for cause of Plaintiff's claims and injuries. Plaintiff's claims and injuries did not arise just because Defendant happened to advertise on the internet its mailing services to California consumers uninvolved in the instant case. This conclusion is especially true given that GLOTRADE—the

Mailer Defendant responsible for the allegedly fraudulent conduct that directly harmed Plaintiff—is not located in California but in the Czech Republic. Compl. ¶ 78. Until Plaintiff can plausibly allege a chain of causation connecting Defendant's advertisement of its services to Plaintiff's claims and alleged injuries, personal jurisdiction is absent.

Accordingly, the Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction. Nonetheless, because granting Plaintiff an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiff has not acted in bad faith, the Court GRANTS Plaintiff leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 2. Jurisdictional Discovery and Defendant's Evidentiary Objections

Plaintiff makes a request for jurisdictional discovery in the event the Court determines that Plaintiff has not sufficiently pleaded facts to support personal jurisdiction. Opp. at 14. "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation marks omitted). A court can deny jurisdictional discovery, however, "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (quotation marks omitted), or where the request for discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

The Court notes that Defendant opposes jurisdictional discovery for the first time in its reply, Reply at 10-11, and the Court "need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The Court also notes that it would allow jurisdictional discovery in any event because discovery could demonstrate facts sufficient to confer jurisdiction. *See Am. W. Airlines, Inc.*, 877 F.2d at 801. The Court therefore permits jurisdictional discovery.

With regard to Defendant's evidentiary objections, *see* Reply at 11, the Court DENIES Defendant's objections as moot. The Court considered the exhibits to which Defendant objected and still concluded that there was no basis for personal jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction with leave to amend. Plaintiff shall file any amended complaint within 30 days of this Order. Failure to file an amended complaint within 30 days or failure to cure the deficiencies identified herein or in Defendant's motion to dismiss will result in dismissal of Plaintiff's claims with prejudice. Plaintiff may not add new causes of action or parties without a stipulation or leave of the Court.

**IT IS SO ORDERED.**

Dated: October 23, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge